## RICHARDS v DETROIT FREE PRESS

Docket No. 96368. Submitted March 10, 1988, at Detroit. Decided May 26, 1988.

Blenford Richards brought an action in the Wayne Circuit Court against his employer, Detroit Free Press, for wrongful discharge and age discrimination after his demotion from assistant superintendent to journeyman printer. The court, Richard L. Hammer, J., granted defendant a judgment notwithstanding the verdict on the wrongful discharge claim and a directed verdict on the age discrimination claim. Plaintiff appealed.

The Court of Appeals *held:*

1. A demotion is a discharge from the greater job to a lesser one and may support a claim for wrongful discharge. Plaintiff presented sufficient evidence for the jury to properly infer that he had a legitimate expectation that he would not be demoted except for just cause. The court erred in granting the judgment notwithstanding the verdict.

2. Plaintiff offered no evidence that age was a factor in his demotion and the court's grant of a directed verdict was proper.

Affirmed in part and reversed in part.

1. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT — EVIDENCE.

The grant of a party's motion for judgment notwithstanding the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the nonmoving party; in reaching a decision, the trial court must view the evidence in the light most favorable to the nonmoving party and give the nonmoving party the benefit of every reasonable inference that could be drawn from the evidence; if, after viewing the evidence in this manner, reasonable men could differ, the question is one for the jury and judgment notwithstanding the verdict is improper.

REFERENCES

Am Jur 2d, Judgments §§ 106 *et seq.*

Am Jur 2d, Master and Servant §§ 14 *et seq.,* 43-70.

What law governs employee's right to damages for wrongful discharge. 61 ALR2d 917.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS.

   An employer's statements of policy to the effect that during an
   employee's employment the employee will be terminated only
   for cause can give rise to enforceable contract rights.

3. ACTIONS — WRONGFUL DISCHARGE — DEMOTIONS.

   A demotion is a discharge from the greater job to a lesser one
   and may support a claim for wrongful discharge.

*Barnhart & Mirer, P.C.* (by *Jeanne Mirer*), for plaintiff.

*Clark, Klein & Beaumont* (by *Donald A. Van-Suilichem* and *Mary K. Kator*), for defendant.

Before: DOCTOROFF, P.J., and CYNAR and P. D. HOUK,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting defendant's motion for judgment notwithstanding the verdict, MCR 2.610, on plaintiff's claim for wrongful discharge. Plaintiff also appeals the trial court's directed verdict on plaintiff's claim of age discrimination. We reverse the trial court's grant of judgment notwithstanding the verdict and affirm the grant of a directed verdict.

Plaintiff Blenford Richards was hired by defendant Detroit Free Press in 1970 as a full-time journeyman printer in the composing room. Under the collective bargaining agreement, each printer is guaranteed a printer's job for the rest of his working life. The collective bargaining agreement does not apply to supervisory positions. After about six months as a printer, Richards was promoted to work director, an hourly position with supervisory responsibilities. About six months later, Richards was promoted to a salaried foreman position. Richards testified to conversations

---

* Circuit judge, sitting on the Court of Appeals by assignment.

with his supervisor which led him to understand that the Free Press only fired supervisors for cause.

In 1981, Richards applied for the position of composing room superintendent. Another person was chosen and Richards was made assistant composing room superintendent. In June, 1982, the superintendent told Richards that he was not working out as assistant superintendent and said he would be reassigned. According to Richards, the superintendent did not speak to him about it again until January, 1983, when Richards was demoted to an hourly journeyman printer's position.

A court should grant a judgment notwithstanding the verdict only where there is insufficient evidence, as a matter of law, to make an issue for the jury. *Murphy v Muskegon Co,* 162 Mich App 609, 616; 413 NW2d 73 (1987). Where there is competent evidence to support the finding of the jury, the verdict should not be set aside. This Court reviews the grant of a judgment notwithstanding the verdict to determine whether reasonable men could differ after viewing the facts in a light most favorable to the party opposing the motion. If reasonable men could differ, the question is one for the jury and judgment notwithstanding the verdict is improper. *Beard v Detroit,* 158 Mich App 441, 451-452; 404 NW2d 770 (1987).

In *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), our Supreme Court held that an employer's statements of company policy and procedure to the effect that an employee will be terminated only for cause can give rise to enforceable contract rights.

In this case, plaintiff presented sufficient evidence for the jury to properly infer that he had a legitimate expectation that he could only be demoted for just cause. Plaintiff testified to many

conversations with management personnel where he and other supervisors were told that they would have jobs as long as they "kept their noses clean." Richards testified that these conversations concerned supervisory positions. Plaintiff also testified that he and other supervisors attended a seminar on supervisory techniques at which the just-cause discharge policy was explained to them. At that seminar, the supervisors were told that the just-cause discharge policy applied to supervisors as well as to hourly employees. It was a question of fact for the jury whether these statements meant that salaried supervisors were terminable only for just cause or whether the statements meant only that the supervisors would have at least an hourly job.

From the evidence of statements made by management representatives, the jury could properly find that the Free Press created a legitimate expectation that supervisors would only be terminated for cause. A demotion from one job to a lesser job is a discharge from the first job, and a demotion will support a wrongful discharge claim. *Sepanske v Bendix Corp,* 147 Mich App 819; 384 NW2d 54 (1985).

Defendant also argues that any representations about supervisors being terminable only for just cause occurred after Richards accepted his supervisory position, so that Richards did not rely on those representations in accepting the job. Defendant claims that no consideration was given for the promise to terminate only for just cause. Defendant's argument is without merit. A plaintiff in a wrongful discharge action is not required to show that he relied upon the fact that the position was terminable only for just cause in accepting the position. An employer is bound by statements of policy made after the employee is hired because

the employer derives benefits from a loyal and cooperative work force. *Toussaint, supra,* p 615. The trial court's grant of judgment notwithstanding the verdict is reversed and the jury verdict reinstated.

We affirm the trial court's grant of a directed verdict on defendant's age discrimination claim. In reviewing a defendant's motion for directed verdict, this Court views the evidence in a light most favorable to the plaintiff to determine whether a prima facie case was made. *Guider v Smith,* 157 Mich App 92, 104; 403 NW2d 505 (1987).

To establish a prima facie case of age discrimination, the plaintiff must show that age was a determining factor in the employer's treatment of the employee. *Meeka v D & F Corp,* 158 Mich App 688, 692; 405 NW2d 125 (1987). Plaintiff offered no evidence that age was a factor in defendant's decision to demote plaintiff. The superintendent testified that he demoted plaintiff because of plaintiff's lack of managerial skills and personal problems with the employees. Plaintiff's assistant superintendent's position was abolished after he was demoted and a younger person was not hired to fill that position. The trial court properly granted a directed verdict on this claim.

Affirmed in part and reversed in part.