FISCHHABER v GENERAL MOTORS CORPORATION

Docket No. 96387. Submitted October 13, 1987, at Lansing. Decided September 21, 1988.

Paul L. Fischhaber brought an action in the Genesee Circuit Court against his former employer, General Motors Corporation, Buick Motor Division, alleging breach of contract, wrongful discharge, and discrimination in violation of the Handicappers' Civil Rights Act. Plaintiff had been a salaried employee of defendant when he began experiencing problems with his spine and had spent most of the last two years of his employment on extended sick leave. Defendant, in an attempt to accommodate plaintiff, had offered to transfer him to an hourly position, but plaintiff instead chose to retire. The trial court, Philip C. Elliott, J., granted summary disposition in favor of defendant, ruling that there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. No genuine factual issue, which would have precluded summary disposition, existed over whether defendant had breached its contractual obligation to provide plaintiff with total disability benefits inasmuch as plaintiff elected not to seek such benefits.

2. Plaintiff's allegation of a constructive discharge with regard to his claim of wrongful discharge was not supported by the record below.

3. Plaintiff's spinal condition was related to his ability to perform the duties of his salaried position and thus his discharge because of that condition was not a discriminatory action within the meaning of the Handicappers' Civil Rights Act.

4. Plaintiff failed to preserve for appeal the issue of bias by

REFERENCES

Am Jur 2d, Job Discrimination §§ 124-126, 165-167; Master and Servant §§ 43 *et seq.*

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

the trial judge when he failed to move for the trial judge's disqualification as required by court rule.

Affirmed.

1. MASTER AND SERVANT — CONSTRUCTIVE DISCHARGE — WORKING CONDITIONS — INVOLUNTARY RESIGNATION.

A constructive discharge occurs where an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation.

2. CIVIL RIGHTS — HANDICAPPED WORKERS — EMPLOYMENT DISCRIMINATION.

The Handicappers' Civil Rights Act covers only those persons whose disabilities are unrelated to their ability to perform their jobs (MCL 37.1101 et seq.; MSA 3.550[101] et seq.).

3. APPEAL — PRESERVING QUESTION — JUDGES — COURT RULES.

A party who has not followed the procedures to secure the disqualification of a judge may not raise the issue of bias for the first time on appeal (MCR 2.003[C]).

*Skinner & Associates, P.C.* (by *John L. Wilde-boer*), for plaintiff.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Richard M. Tuyn*), and *Daniel G. Galant,* of Counsel, for defendant.

Before: BEASLEY, P.J., and MACKENZIE and R. P. HATHAWAY,* JJ.

PER CURIAM. Plaintiff appeals as of right from a grant of summary disposition pursuant to MCR 2.116(C)(10) and a denial of his motion for reconsideration. We affirm.

Plaintiff began working for General Motors, Buick Division, in 1950. In 1955, plaintiff was promoted to foreman, a salaried position. Except for a few months in 1955, plaintiff remained in a salaried supervisory position until his retirement in 1982. Plaintiff began having problems with his

* Circuit judge, sitting on the Court of Appeals by assignment.

back in 1954. In 1967 he was diagnosed as having spina bifida, a congenital defect of the spine. Plaintiff underwent back surgery for a ruptured disk in 1967, 1968 and 1972. He returned to work after these operations.

In 1979, plaintiff experienced frequent and severe back pain which also caused him nervous exhaustion. His personal physician, Dr. Schoolfield, recommended extended sick leave. This recommendation was assented to by several other doctors. Defendant sent plaintiff to be examined by Dr. Wolf, who, after a five-minute examination which did not include x-rays, opined that plaintiff was too young to be placed on sick leave. Plaintiff returned to work against Schoolfield's recommendation, but went on sick leave again after a week. Defendant attempted to accommodate plaintiff's physical restrictions, but during the last two years of his employment, plaintiff was on extended sick leave because of his back. His supervisor spoke with him about his absenteeism, but did not contest his medical excuses.

On May 18, 1982, plaintiff's immediate supervisor telephoned and told him to report to the salaried personnel office. When plaintiff arrived, he was told that he was being demoted to an hourly job, effective the following day. When plaintiff objected, the personnel worker told him that he had the choice of being demoted or being dismissed. Instead, plaintiff signed an application for retirement. Plaintiff was not told what hourly position he would be given, but stated that he did not think that there were any hourly jobs which he would be able to perform with his back problems. Plaintiff further testified that he thought that his retirement pension as an hourly worker would be less than his retirement pension as a

salaried employee. Thus, he retired immediately in order to "cut his losses."

Additionally, plaintiff testified that he never applied for disability as he believed that it would have been futile, since defendant's doctor said that he was able to work. Plaintiff stated that he consulted an attorney who advised him that he was probably not eligible for disability. The attorney advised plaintiff to take retirement rather than disability because the money was nearly equal and retirement did not include restrictions on outside work. Plaintiff's medical file at General Motors contained a letter from Dr. Schoolfield recommending plaintiff for disability.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue as to any material fact. The trial court granted summary disposition pursuant to this rule. On the wrongful discharge claim it concluded (1) that plaintiff chose retirement and decided not to request disability on the advice of his attorney, therefore, plaintiff was stuck with that decision, and (2) that the proposed demotion to hourly employment was not a constructive discharge since plaintiff could no longer perform the supervisor job, and there was no express or implied promise by General Motors that a supervisor unable to supervise would not be demoted. As for plaintiff's handicap discrimination claim, the court granted summary disposition, ruling that defendant had accommodated defendant's back condition and that his reduction to an hourly position was a further accommodation.

Summary disposition pursuant to MCR 2.116(C)(10) is proper only if there is no genuine issue as to any material fact, and the party in whose favor judgment is granted is entitled to judgment as a matter of law. The motion tests the

factual support for the claim, and the court must consider the pleadings, affidavits, and other available evidence. The court must give the benefit of any reasonable doubt to the party opposing the motion and draw inferences in favor of that party. Before granting summary disposition, the court must be satisfied that no factual development could possibly justify recovery by the nonmoving party. *Vitale v Reddy,* 150 Mich App 492, 498; 389 NW2d 456 (1986).

On appeal, plaintiff first claims that summary disposition was improperly granted because there existed a question of fact as to whether defendant breached its contract to provide total disability benefits. We disagree. At his initial deposition, plaintiff explicitly indicated that he never attempted to obtain disability benefits on advice of counsel. At his second deposition, plaintiff reiterated that he never applied for disability benefits because he thought it would be fruitless. Since it was undisputed that plaintiff never requested disability benefits, we find no error in the trial court's determination that, as a matter of law, defendant did not breach a promise to provide benefits.

Summary disposition as to plaintiff's wrongful discharge claim was likewise proper. Assuming that plaintiff was employed under a contract specifying termination only upon just cause, in order to survive summary disposition on his wrongful discharge claim there must have existed a fact question as to whether plaintiff was indeed "discharged." It was plaintiff's theory that he was constructively discharged by defendant. We agree with the trial court that there was no evidence of a constructive discharge in this case.

A constructive discharge occurs when the employer deliberately makes an employee's working conditions so intolerable that the employee is

forced into an involuntary resignation, or, stated differently, when working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. See *LeGalley v Bronson Community Schools,* 127 Mich App 482, 486-487; 339 NW2d 223 (1983). Here, it is undisputed that plaintiff retired without ever inquiring into what his hourly assignment would be.

Moreover, we cannot agree with plaintiff that a proposed demotion may be equated with termination of employment under *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980). *Toussaint* was strictly limited to instances of employee discharge, and we find no indication in that case that the Court intended its holdings to be expanded to include changes in job assignments.

Summary disposition as to the handicap discrimination claim was also properly granted. Our Supreme Court in *Carr v General Motors Corp,* 425 Mich 313, 315-316; 389 NW2d 686 (1986), held that Michigan's Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, covers only those persons whose disabilities are unrelated to their ability to perform their jobs. Here, plaintiff's bad back was related to his ability to perform the salaried position from which General Motors discharged him due to plaintiff's use of extended sick time.

Finally, plaintiff contends that the trial judge erred in failing to disqualify himself sua sponte because of personal bias against plaintiff and plaintiff's claim. However, plaintiff failed to move for the trial judge's disqualification within fourteen days after discovering the alleged grounds for disqualification. MCR 2.003(C)(1). Not having followed the court rules, plaintiff may not raise the

issue for the first time on appeal. *Hayes-Albion Corp v Kuberski,* 108 Mich App 642, 658; 311 NW2d 122 (1981), rev'd in part on other grounds 421 Mich 170; 364 NW2d 609 (1984).

Affirmed.