**Paul F. RODGERS, Plaintiff,**

v.

**The FLINT JOURNAL, Booth Newspapers, Inc., and Herald Newspapers, Inc., Defendants.**

**Civ. A. No. 90–CV–40290–FL.**

United States District Court, E.D. Michigan, S.D., at Flint.

Feb. 12, 1991.

---

Steven P. Iamarino, Grand Blanc, Mich., for plaintiff.

Dennis J. Levasseur, Detroit, Mich., for defendants.

---

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

NEWBLATT, District Judge.

Before the Court is defendants' Motion to Dismiss or for Summary Judgment. A hearing was held on the motion January 31, 1991. For the reasons following and for those stated on the record at the hearing, the motion is hereby GRANTED and plaintiff's complaint DISMISSED.

Plaintiff is an employee of the Flint Journal. He has worked for the Journal since 1963 and in 1974 was promoted to the position of circulation manager. In 1988, plaintiff revealed to the publisher of the Journal that he was romantically involved with one of the district managers in the circulation department. Plaintiff's dep. at 145, 11.22–25, 146, 11.1–6. Subsequently, plaintiff was transferred to a different department at a lower salary, ostensibly because the Journal was concerned about the potential implication of sexual harassment or favoritism in the circulation department.[1]

■ Michigan recognizes a cause of action for wrongful discharge where an employer has made an express or implied promise that an employee will be discharged only for just cause, then discharges said employee without just cause. *Toussaint v. Blue Cross & Blue Shield,* 408 Mich. 579, 292 N.W.2d 880 (1980). Plaintiff in the instant matter has not been discharged, and is not claiming constructive discharge.

The parties disagree as to whether the implied contract of employment doctrine established in *Toussaint* applies to "wrongful demotions" as well as to wrongful discharge. Because state law on this issue is unclear [2], and because plaintiff's claim fails on other grounds, the Court chooses not to address the question of the scope of *Toussaint* protection.

---

1. In compliance with Title VII, the Flint Journal disseminated to its employees a policy statement prohibiting sexual harassment in December of 1987.

2. *See,* e.g., *Richards v. Detroit Free Press,* 173 Mich.App. 256, 433 N.W.2d 320 (1988), remanded 433 Mich. 913, 448 N.W.2d 351 (1989); *Fischhaber v. General Motors Corp.,* 174 Mich.App. 450, 436 N.W.2d 386 (1988).

Plaintiff apparently relies upon two specific provisions of the Journal's policy manual in support of his argument that he could be demoted only for just cause. Those provisions are as follows:

> We pledge job security. All regular employees who perform their duties in a conscientious and honest manner will continue to work at the newspaper as long as we publish the newspaper. We will not lay off any regular full-time employee due to lack of work or technical changes.

The Flint Journal Personnel Guidelines for Non–Union Employees at 1.

> We pledge an "open door policy." We will listen attentively to any employee problems.... All employee questions will be answered as soon as possible and in a caring and understanding manner.

The Flint Journal Personnel Guidelines for Non–Union Employees at 1.

> The Flint Journal is vitally interested in encouraging your personal growth and development. Your progress, increased responsibility and increased worth to The Flint Journal are constantly evaluated.

The Flint Journal Employee Handbook, April 1987.

None of the foregoing provisions, construed individually or together, justify a reasonable expectation that plaintiff would not be demoted. The "job security" clause expressly refers to layoffs, not demotions or other work conditions. The "open door" policy does not assure employees that some type of disciplinary action will not be taken after they access an open door. Presumably, the policy only ensures that employees will not be retaliated against by their immediate supervisor if they choose to speak with another supervisor about any matter. The last cited provision is too vague to be construed as promising anything of substance.

Furthermore, plaintiff admitted in deposition testimony that he understood he would always have a job, not necessarily his specific position, with the Journal. Plaintiff's dep. at 106, 11.19, 21–24. This belies plaintiff's claim of a legitimate expectation that he was assured his position as circulation manager with the Journal.

In light of the express language in the Journal's policies, the Court concludes that plaintiff did not have a reasonable or legitimate expectation that he would not be demoted or transferred without just cause. Defendant's employment decision appears reasonable in light of the Journal's concern with even the appearance of sexual harassment or favoritism.[3]

Defendant's motion for summary judgment is therefore GRANTED and plaintiff's complaint is hereby DISMISSED. No fees or costs are awarded.

SO ORDERED.

---

**3.** *See* deposition of Danny Gaydou at pp. 118–122.