JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion. The Court resolves the issue before it on the basis of its conclusion that a demotion can be a “discharge,” as opposed to a “constructive discharge,” under § 39-2-903(2), MCA. I cannot agree.
Section 39-2-903(2), MCA, provides in pertinent part:
“Discharge” includes ... any other termination of employment, including resignation, elimination of the job, layoff for lack of work, failure to recall or rehire, and any other cutback in the number of employees for a legitimate business reason.
The plain meaning of the term “termination,” as the word is used in the statute, is “ending;” thus, a “termination of employment” is an ending of employment. The other terms used in § 39-2-903(2), MCA, also connote an ending of employment. In each situation referenced — resignation, elimination of the job, layoff, and the like — the person’s employment has ended. Therefore, I conclude that *441 the statute means what it so clearly says: that a discharge means an ending of employment, nothing more and nothing less.
The Court equates a demotion, or a termination from a particular position with an offer of a different position, to a “termination of employment.” The plain language of the statute does not support such a conclusion. Nor does the Court offer any authority or legal analysis which might support its conclusion. The reason is clear — analysis would be the undoing of the result the Court desires to reach in this regard.
Howard contends that two cases from the Michigan Court of Appeals support his position that the term “termination of employment” includes the term “demotion.” The Court wisely does not rely on these cases, as neither supports its conclusion.
In the wrongful discharge case of Richards v. Detroit Free Press (Mich. App. 1988), 433 N.W.2d 320, the Michigan appellate court states flatly: “A demotion from one job to a lesser job is a discharge from the first job, and a demotion will support a wrongful discharge claim.” Richards, 433 N.W.2d at 322. There are several insurmountable problems with attempting to use Richards as authority in the case presently before us. First, the Michigan court does not quote any controlling wrongful discharge statute such as the one at issue here; thus, no basis is provided on which we properly could reach the same conclusion. Second, the case to which the Michigan court cites in support of its statement, Sepanske v. Bendix Corporation (Mich. App. 1985), 384 N.W.2d 54, was inapposite to the Richards case. Sepanske was a breach of employment contract case, not a wrongful discharge case. Sepanske, 384 N.W.2d at 58-59. Moreover, the statement drawn from Sepanske in Richards simply does not appear, either directly or indirectly, in Sepanske. Finally, and most importantly, the Michigan Supreme Court remanded Richards to the Michigan Court of Appeals for reconsideration. Richards v. Detroit Free Press (Mich. 1989), 448 N.W.2d 351. Thus, the Richards decision is of no force and effect.
The Court suggests that Anderson’s statement to the Billings Job Service “speaks for itself’ with regard to the issue of whether Howard was discharged, or merely was demoted and then resigned. Anderson’s statements that Howard was discharged from the position of store manager and offered a sales position on the same date do, indeed, speak for themselves; they do not, however, speak to the legal issue of whether a demotion is a “termination of employment” under § 39-2-903(2), MCA.
*442 I would affirm the District Court’s determination that a demotion is not a termination of employment and address the issue of constructive discharge on which, in large part, the District Court’s summary judgment ruling was based. The Court having avoided that issue altogether by its unsupported conclusion, there is no point in my addressing it.
CHIEF JUSTICE TURNAGE joins in the foregoing dissent of JUSTICE GRAY.