# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 12, 2018

153893

JULIE A. PUCCI,
    Plaintiff-Appellant,

v

NINETEENTH JUDICIAL DISTRICT COURT,
    Garnishee Defendant-Appellee,
and

CHIEF JUDGE MARK W. SOMERS and
COMERICA BANK,
    Defendants.
_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 153893
COA: 325052
Wayne CC: 13-014644-CZ

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of April 28, 2017. The application for leave to appeal the March 17, 2016 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

MARKMAN, C.J.

I would respectfully not deny leave to appeal, but would offer at least some guidance concerning what I view as the threshold issue in this case. While I reach the same result as the Court of Appeals, as well as that produced by this Court's denial of leave, the analysis of the Court of Appeals, in my judgment, is both flawed and incomplete while the issue presented is one of considerable significance for the financial management of Michigan's judicial system, deserving some greater clarification.

Plaintiff filed a federal action under 42 USC 1983 ("§ 1983") against Judge Mark Somers, the former chief judge of the 19th District Court in Dearborn, alleging that he had wrongfully terminated her court employment in violation of the First and Fourteenth Amendments.[1] Eight days before trial, Judge Somers, in his capacity as chief judge,

---

[1] 42 USC 1983 sets forth a cause of action "to redress deprivations of civil rights by persons acting 'under color of any [state] statute, ordinance, regulation, custom, or

instituted a policy that the district court would indemnify court employees for suits arising from discretionary administrative decisions made within the scope of their authority. A judgment was eventually entered against Judge Somers in his personal capacity in excess of $1 million. Following the judgment, Judge Richard Wygonik, the successor chief judge of the district court, continued the indemnification policy that Judge Somers had implemented and submitted an affidavit attesting that the court would indemnify Judge Somers for the judgment entered against him.

Plaintiff subsequently brought suit in state court seeking to recover on the judgment from the district court in accordance with the indemnification policy. The trial court held that the court was required to indemnify Judge Somers, but the Court of Appeals reversed. *Pucci v Nineteenth Judicial Dist Court*, unpublished per curiam opinion of the Court of Appeals, issued March 17, 2016 (Docket No. 325052). The Court held that a chief judge possesses the authority to indemnify court employees, but only for liability incurred in their official capacity, not in their personal capacity. *Id*. at 8. Plaintiff appealed, and this Court granted leave, requesting the parties to "include among the issues to be briefed:"

> (1) whether the chief judge of a district court possesses the authority to adopt an employee indemnification policy on behalf of the district court, MCL 691.1408(1); MCR 8.110(C); (2) if a chief judge possesses such authority, whether the judge may adopt a policy that indemnifies employees for liability incurred in their individual capacities; and (3) whether the conduct of Judge Somers that gave rise to the judgment against him in the federal district court occurred "while in the course of employment and while acting within the scope of his . . . authority." MCL 691.1408(1). [*Pucci v Nineteenth Judicial Dist Court*, 500 Mich 979 (2017).]

In my judgment, the Court of Appeals erred when it conditioned a district court's authority to indemnify an employee on whether the employee incurred liability in an official or in a personal capacity. MCL 691.1408(1) contains no such distinction, stating only that a "governmental agency," which is defined to encompass a court,[2] may indemnify an employee for liability incurred "while in the course of employment and while acting within the scope of his or her authority." Further, an employee who is found liable under § 1983 in his or her personal capacity can incur liability "while in the course of employment and while acting within the scope of his or her authority . . . ." MCL 691.1408(1); see, e.g., *Shrader v Employers Mut Cas Co*, 907 So 2d 1026, 1033 (Ala, 2005) ("[Section 1983] imposes liability on state officials for conduct taken within, as

---

usage.'" *Hafer v Melo*, 502 US 21, 27 (1991), quoting 42 USC 1983 (alteration in original).

[2] MCL 691.1401(a) defines a "governmental agency" as "this state or a political subdivision," and MCL 691.1401(e) defines "political subdivision" to include a "court."

well as without, the scope of their authority.") (alterations omitted); *Ritchie v Donnelly*, 324 Md 344, 364 (1991) ("Most actions taken by a government officer or employee 'under color of' law, governmental custom or usage will be actions in the scope of employment."). Moreover, a per se rule that a district court cannot indemnify an employee for liability incurred in his or her personal capacity would effectively preclude a court, without any legal warrant, from indemnifying an employee for liability incurred under § 1983. The United States Supreme Court has explained "the distinction between personal and official-capacity suits" under § 1983:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. . . . Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Kentucky v Graham*, 473 US 159, 165-166 (1985) (quotation marks and citations omitted).

That is, a government employee only incurs liability under § 1983 if a judgment is entered against that employee in his or her personal capacity. Accordingly, under the Court of Appeals' reasoning, a court would never be permitted to indemnify an employee who incurs liability under § 1983. While a district court's authority to indemnify an employee might be otherwise statutorily or constitutionally limited, there is no basis to conclude that a district court is categorically prohibited from indemnifying an employee for liability incurred in his or her personal capacity under § 1983. Because the Court of Appeals' reasoning here is in error and precludes without warrant a district court from indemnifying employees for liability incurred under § 1983, I would not sustain it.

Rather than denying leave, however, I would also address the *threshold* issue in this case, one that that has only been perfunctorily addressed by the parties: assuming that Judge Somers had the authority to unilaterally adopt an indemnification policy on behalf of the 19th District Court—i.e., without the approval of that court's funding authority, the city of Dearborn—whether and to what extent that court now remains *bound* by that policy. Neither Judge Somers nor Judge Wygonik is the current chief judge of the district court, and obviously the court no longer wishes to indemnify Judge Somers; otherwise, presumably, it would not be challenging the instant lawsuit. If the court is no longer *bound* to indemnify Judge Somers, without regard to whether Judge Somers had the authority to *adopt* the indemnification policy in the first place, then it would be unnecessary to reach the additional questions posed in this Court's grant order.

In the Court of Appeals, plaintiff argued passingly as the *only* basis for the proposition that the indemnification policy remains enforceable, notwithstanding the

district court's present opposition to the policy, this Court's decision in *Toussaint v Blue Cross & Blue Shield of Mich*, 408 Mich 579 (1980), in which we held that an agreement not to discharge an employee except for cause may effectively become part of an employment contract "as a result of an employee's legitimate expectations grounded in an employer's policy statements." *Id*. at 598. In the 37 years since, *Toussaint* has been limited to the wrongful-discharge context, see, e.g., *Fischhaber v Gen Motors Corp*, 174 Mich App 450, 455 (1988), and a plurality opinion of this Court has expressly concluded that *Toussaint* is *properly* limited to such cases. *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 531 (1991) (opinion by RILEY, J.). Whatever the merits of *Dumas*, or of any other decision among *Toussaint*'s progeny, plaintiff here has barely undertaken to explain why the district court (or the city) should be required to *retain* an indemnification policy of which it has come to disapprove or why this should not be a matter of concern exclusively to the beneficiary of the policy, the employee being indemnified. In particular, plaintiff has not explained why *Toussaint* should now be understood for the first time to apply in any context outside the wrongful-discharge context, much less in the specific context of the instant case. Why, for example, is the *Dumas* plurality incorrect in asserting that "it is difficult to imagine the scope of difficulties and mischief that would be encountered if *Toussaint* were to be extended beyond wrongful discharge into every facet of the employment relationship"? *Id*. at 532 (quotation marks and citation omitted). That is not addressed by the plaintiff. Why, for example, is the *Dumas* plurality incorrect in concluding that the "fear of courting litigation [under an expansion of *Toussaint*] would result in a substantial impairment of a company's operations and its ability to formulate policy," in this case the policymaker being a public body beholden to taxpayers? *Id*. at 531. Again, there is not even a pretense of an argument offered by plaintiff in support of the proposition that an indemnification policy once adopted cannot be withdrawn.

In my judgment, the district court here is not bound by the indemnification policy to indemnify Judge Somers because it has *chosen* not to be so bound. Rather than allowing to remain undisturbed what I view as the erroneous reasoning of the Court of Appeals, I would affirm its judgment on the alternative ground that, even if Judge Somers had the authority to enact an indemnification policy on behalf of the court, the court equally had the authority to unbind itself from that policy. Moreover, if *Toussaint* or some other legal grounding should be understood to sustain a contrary result, I look forward to an actual argument being made on behalf of that proposition.

CLEMENT, J., did not participate.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 12, 2018

Clerk

t0109