HORN v DEPARTMENT OF CORRECTIONS

Docket No. 173247. Submitted January 11, 1996, at Lansing. Decided
March 22, 1996, at 9:15 A.M.

Sandra Horn brought an action in the Ingham Circuit Court against
the Department of Corrections, alleging sexual harassment, con-
structive discharge, and retaliation. The plaintiff alleged that she
had been sexually harassed by a fellow employee while she was an
employee of the defendant and that as a result of that harassment
she had suffered stress that had required psychiatric hospitalization
and had led to her eventual resignation from her employment with
the defendant. The plaintiff had sought and received a closed
award of worker's compensation benefits on the basis that she had
established a work-related disability that had been caused by being
sexually harassed by a fellow employee. The trial court, William E.
Collette, J., denied summary disposition for the plaintiff and
granted summary disposition for the defendant on the basis that
the plaintiff's romantic relationship with an inmate, had it been
known at the time she was still an employee, would have provided
a sufficient basis for her discharge for cause and thus barred pur-
suit of the action. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in denying the plaintiff's motion for
summary disposition based on collateral estoppel stemming from
the worker's compensation proceeding. Because collateral estoppel
is applicable only where the issues in the two proceedings are iden-
tical, not merely similar, it is not applicable here because the issue
in the worker's compensation proceeding whether the plaintiff
established a work-related disability is not identical to the issue
presented in the present action. The fact that the defendant admit-
ted in the worker's compensation proceeding that its employee had
sexually harassed the plaintiff is not inconsistent with its position
in the present action that it is not liable for sexual harassment,
constructive discharge, or retaliation.

2. The application of judicial estoppel in the present action
would undermine worker's compensation policy objectives by
increasing employers' litigiousness in worker's compensation pro-
ceedings. Accordingly, the trial court properly determined that the

magistrate's order and the defendant's admissions did not collaterally estop defendant from disputing liability in the present action.

3. The trial court properly allowed the defendant to amend its answer to add the defense that the plaintiff's misconduct in engaging in a romantic relationship with an inmate barred the present action. The court did not abuse its discretion in granting the defendant's motion to amend its answer on the basis of the court's finding that the defendant did not have sufficient information at the time of the filing of the original answer to assert the defense of plaintiff's misconduct.

4. Although the trial court properly determined that no genuine factual issues remained regarding whether the defendant would have dismissed the plaintiff had it known that she was carrying on the romantic relationship with an inmate, the court erred in holding that the after-acquired evidence of that misconduct was an absolute bar to the plaintiff's claims in the present action. The appropriate remedy where a civil rights claim is being asserted is to hold that the misconduct based on after-acquired evidence *is a defense* to any claim for reinstatement or for damages arising after the misconduct becomes known, but that it does not relieve liability for back pay for the period from the date of the unlawful discharge to the date that the employer discovers the employee's misconduct. Accordingly, summary disposition for the defendant was appropriate with respect to any claim for reinstatement or future damages, but was not appropriate with respect to the claim for back pay. The matter must be remanded to the trial court for further proceedings with respect to the claim for back pay.

Affirmed in part, reversed in part, and remanded.

1. ESTOPPEL — WORKER'S COMPENSATION — SEXUAL HARASSMENT.

An employer's concession in a worker's compensation proceeding that a fellow employee sexually harassed the claimant does not estop the employer from asserting in a subsequent court action for sexual harassment that it is not liable for the sexual harassment.

2. ESTOPPEL — WORKER'S COMPENSATION — SEXUAL HARASSMENT — PUBLIC POLICY.

The application of the doctrine of judicial estoppel so as to preclude the litigation of the question of an employer's liability in an action for sexual harassment on the basis of a concession by the employer in a worker's compensation proceeding that sexual harassment had taken place would undermine the policy objective of the worker's compensation system to minimize litigiousness and thus is contrary to substantial public policy.

3. CIVIL RIGHTS — UNLAWFUL DISCHARGE — REMEDIES — EMPLOYEE MISCONDUCT — AFTER-ACQUIRED EVIDENCE.

The appropriate remedy in an action for an unlawful discharge from employment based on a civil rights violation in which the employer after that discharge learns of misconduct by the employee that would provide a valid reason justifying the discharge of the employee is to deny any claim for reinstatement or for damages arising after the misconduct became known, but to permit recovery of back pay.

Cunningham & Associates (by *Douglas C. Cunningham*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Gary P. Gordon* and *Denise C. Barton*, Assistant Attorneys General, for the defendant.

Before: MARKMAN, P.J., and MURPHY and HOEKSTRA, JJ.

MARKMAN, P.J. Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition in this sexual harassment action. We affirm in part and reverse in part.

Plaintiff was employed by defendant as a corrections officer. Plaintiff utilized defendant's internal procedures to pursue a sexual harassment charge against another of defendant's employees. The internal investigation resulted in a determination that plaintiff had condoned and participated in the conduct that she alleged was sexual harassment. Plaintiff also alleged that other employees warned her not to press the harassment charge, that she found threatening notes on her car, and that her tires were slashed on one occasion. On January 6, 1989, plaintiff requested and was granted leave time because of stress related to the sexual harassment charge. She was admitted to a hos-

pital psychiatric unit the following day. She resigned in June 1989.

While working for defendant, plaintiff engaged in a romantic relationship with an inmate. She was aware that defendant's work rules prohibited such contact between corrections officers and inmates. Plaintiff and the inmate married in 1989 while he was still in prison.

Plaintiff sought worker's compensation benefits on the basis of the alleged harassment and her stress-related hospitalization and therapy. In a July 1992 opinion and order, the worker's compensation magistrate determined that plaintiff had established a work-related disability from January 7, 1989, through September 3, 1990, that another employee of defendant had sexually harassed her, and that her supervisor failed to respond adequately to her complaints. Defendant timely appealed the magistrate's order.

Plaintiff filed the present action alleging sexual harassment, constructive discharge, and retaliation. She filed a motion for summary disposition in which she contended that the worker's compensation magistrate's order collaterally estopped defendant from disputing liability. She later filed a second motion for summary disposition in which she claimed that admissions in defendant's appeal of the worker's compensation decision estopped it from disputing liability. The trial court denied both motions. Defendant moved for summary disposition on the basis that plaintiff's action was barred by the after-acquired evidence that plaintiff had engaged in employee misconduct by carrying on a romantic relationship with an inmate. Plaintiff countered that defendant failed to raise this defense in its answer. The trial court

granted defendant's motion for leave to amend its answer to add this defense. The court ultimately granted defendant's summary disposition motion on the basis that plaintiff's misconduct barred her pursuit of the present action.

On appeal, plaintiff first contends that the trial court erred in failing to grant her motions for summary disposition based on collateral estoppel stemming from the worker's compensation action. Whether a party is collaterally estopped from disputing an issue addressed or admitted in prior proceedings is a legal question. This Court reviews questions of law de novo. *Westchester Fire Ins Co v Safeco Ins Co*, 203 Mich App 663, 667; 513 NW2d 212 (1994).

In *Bullock v Huster*, 209 Mich App 551, 556; 532 NW2d 202 (1995), this Court stated:

> Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding.

For collateral estoppel to apply, "[t]he issues must be identical, and not merely similar." *Eaton Co Bd of Co Road Comm'rs v Schultze*, 205 Mich App 371, 376; 521 NW2d 847 (1994).

In the instant case, the issue before the worker's compensation magistrate was whether plaintiff had established a work-related disability. This issue is hardly identical to the issues in the present case: whether plaintiff could establish the elements of sexual harassment, retaliation, and constructive discharge. Accordingly, the trial court did not err in find-

ing that the magistrate's order did not collaterally estop defendant from disputing liability here.

In *Paschke v Retool Industries*, 445 Mich 502, 509; 519 NW2d 441 (1994), the Michigan Supreme Court adopted the "prior success" model of judicial estoppel in the context of administrative proceedings, quoting *Lichon v American Univ Ins Co*, 435 Mich 408, 416; 459 NW2d 288 (1990):

> "Under this doctrine, a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding."

Here, in its appeal of the worker's compensation magistrate's decision, defendant disputed only the length of time plaintiff was disabled; it conceded that its employee sexually harassed her. This concession that one of its employees sexually harassed plaintiff was not inconsistent with defendant's position that *it* was not liable for the sexual harassment, retaliation, or constructive discharge alleged in plaintiff's complaint. In order to prevail against defendant with respect to these claims, plaintiff would have to establish defendant's own involvement in the conduct at issue either directly or under the principles of respondeat superior. See *Radtke v Everett*, 442 Mich 368, 382-383; 501 NW2d 155 (1993) (sexual harassment), *Polk v Yellow Freight System, Inc*, 876 F2d 527, 531 (CA 6, 1989) (retaliation), and *Fischhaber v General Motors Corp*, 174 Mich App 450, 454-455; 436 NW2d 386 (1988) (constructive discharge). Accordingly, defendant's position here that it was not liable for the conduct alleged in plaintiff's complaint was not inconsistent with its concession in its worker's compensa-

tion appeal that one of its employees had sexually harassed her.

Additionally, we note that application of judicial estoppel in the present case would undermine worker's compensation policy objectives by increasing employers' litigiousness in worker's compensation proceedings. See *Paschke, supra* at 518. Res judicata and collateral estoppel are to be qualified or rejected when their application would contravene a substantial public policy. *Storey v Meijer, Inc,* 431 Mich 368, 377, n 9; 429 NW2d 169 (1988). If employers fear that judicial estoppel will preclude them from defending subsequent discrimination and harassment suits by employees, they may be increasingly unwilling to concede any liability in worker's compensation proceedings, even when they might otherwise be inclined to do so because a relatively small award is at stake. For example, here, plaintiff's own doctor admitted that she was only entitled to a closed period of compensation. Defendant accordingly made what might have been the strategic decision not to dispute that harassment occurred.

Because the issues litigated in the two actions were significantly different, and because the application of collateral estoppel in this context would adversely affect the worker's compensation system, the trial court appropriately determined that the magistrate's order and defendant's admissions in its appeal thereof did not collaterally estop defendant from disputing liability in the case at bar.

Plaintiff next contends that the trial court erred in allowing defendant to amend belatedly its answer to add the defense that plaintiff's misconduct in engaging in a romantic relationship with an inmate barred

the present action. She contends that defendant was aware of the facts underlying this defense as early as January 1989, as was demonstrated by its attempts to have plaintiff appear for a disciplinary conference and to raise the issue of this misconduct at the worker's compensation hearing.

This Court reviews grants and denials of motions for leave to amend pleadings for an abuse of discretion. *Formall, Inc v Community Nat'l Bank of Pontiac,* 166 Mich App 772, 782-783; 421 NW2d 289 (1988). In *Noyd v Claxton, Morgan, Flockhart & Van-Liere,* 186 Mich App 333, 340; 463 NW2d 268 (1990), this Court stated:

> Leave to amend should only be denied for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or where amendment would be futile.

Here, the trial court found that defendant did not have sufficient information at the time of its initial answer to assert the affirmative defense that plaintiff engaged in misconduct warranting dismissal. Defendant did not have substantiation of plaintiff's misconduct until her October 1992 deposition in which she admitted exchanging letters with an inmate. Defendant then promptly filed its November 1992 motion for summary disposition asserting estoppel on the basis of plaintiff's misconduct. Accordingly, the trial court did not abuse its discretion in granting defendant leave to amend its answer.

Finally, plaintiff argues that, as a matter of law, after-acquired evidence of employee misconduct is not a complete bar to employee claims against the

employer. Plaintiff contends that factual issues remain regarding whether defendant investigated work rule violations and took prompt remedial action.

The applicability of the after-acquired evidence rule to the present case is a legal question. This Court reviews questions of law de novo. *Westchester, supra* at 667. This Court also reviews de novo grants and denials of summary disposition motions to determine if the moving party was entitled to judgment as a matter of law. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).

> MCR 2.116(C)(10) permits summary disposition when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to [judgment] as a matter of law. A court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the opposing party and grant the benefit of any reasonable doubt to the opposing party. [*Id.*]

Here, in granting defendant's summary disposition motion, the trial court relied on *McKennon v Nashville Banner Publishing Co*, 9 F3d 539 (CA 6, 1993), an age discrimination case under the Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq.*, in which the court of appeals held that after-acquired evidence of misconduct that would have resulted in dismissal barred the plaintiff's claims. However, after entry of the trial court's decision, the United States Supreme Court reversed that decision in *McKennon v Nashville Banner Publishing Co*, 513 US ___; 115 S Ct 879; 130 L Ed 2d 852 (1995). The Court found that it would be inconsistent with the ADEA's objective of deterring workplace discrimination to allow after-

acquired evidence of wrongdoing that would have resulted in termination to bar all relief for an earlier violation of the ADEA. 130 L Ed 2d 861. It concluded that such after-acquired evidence would generally bar reinstatement and front pay but that back pay might still be appropriate. *Id.* at 863. The Court noted that the object of such back pay is to restore employees to the position they would have been in absent the discrimination. *Id.* The Court reversed and remanded the case for further consideration of the appropriateness of awarding back pay in that case. *Id.*

This Court also considered the issue of after-acquired evidence after entry of the trial court's opinion and found the Supreme Court's reasoning in *McKennon* persuasive in the context of violations of state civil rights laws. *Wright v Restaurant Concept Management, Inc*, 210 Mich App 105; 532 NW2d 889 (1995). In *Wright*, as in the present case, the trial court granted summary disposition for the employer on the basis of after-acquired evidence of misconduct by the employee. The *Wright* Court reversed and remanded for a trial on the merits. *Id.* at 113. It held that the plaintiff was not barred from all relief as a matter of law, but that any wrongdoing on his part could be reflected in the nature of the relief awarded to him. *Id.* at 112. It concluded:

> This approach precludes the exoneration of either wrongdoer while preserving the statutory goal of deterring discrimination. [*Id.* at 113.]

The *Wright* Court held that the effect of after-acquired evidence of employee misconduct on an civil rights action would vary with the facts, but that generally neither reinstatement nor front pay would be

appropriate; however, a good "starting point" for determining back pay was to calculate back pay from the date of the unlawful discharge to the date that the employee's misconduct was discovered. *Id.* at 113, n 1.

Here, the trial court appropriately determined that no genuine factual issues remained regarding whether defendant would have dismissed plaintiff for carrying on a romantic relationship with an inmate. In her deposition, plaintiff admitted that she was familiar with work rules that prohibited exchanging letters with inmates and that required employees to report such improper activities to supervisors. Plaintiff admitted that she sent love letters and cards to an inmate while working for defendant and did not report this activity to her supervisor. In an affidavit, defendant's personnel director stated that it is a violation of work rules to engage in a romantic relationship with an inmate, to exchange letters with an inmate, and to fail to report such actions to one's supervisor. He averred that plaintiff would have been dismissed if defendant had known that she engaged in a romantic relationship with and wrote letters to an inmate. He also stated that defendant had terminated seventy-eight employees between October 1990 and October 1992 for engaging in romantic relationships with inmates. Plaintiff provided no documentary evidence to raise a genuine factual issue regarding whether she committed the misconduct or whether defendant truly would have dismissed her for this misconduct. Her unsubstantiated allegation that defendant did not uniformly enforce its work rules is insufficient to raise a genuine factual issue regarding whether defendant would

have dismissed her for this misconduct. MCR 2.116(G)(4).

Under *Wright, supra,* the trial court appropriately granted defendant's summary disposition motion with respect to reinstatement and front pay but erred in granting the motion with respect to back pay. Accordingly, we reverse the trial court's order granting defendant's summary disposition motion only with respect to back pay and remand for further proceedings consistent with *Wright.* We otherwise affirm the trial court's order granting defendant's summary disposition motion.

Affirmed in part and reversed in part. We do not retain jurisdiction.