JENKS v BROWN

Docket No. 180927. Submitted June 19, 1996, at Detroit. Decided October 11, 1996, at 9:30 A.M.

Charles D. Jenks brought a negligence action in the Wayne Circuit Court against Viktor Brown and Henry Ford Health System, Inc., alleging that the defendants, as mental health practitioners, breached a duty under MCL 330.1946; MSA 14.800(946) to warn him that his former wife, a patient of the defendants, had threatened to kidnap and take "underground" the plaintiff's and his former wife's son, of whom the plaintiff had custody. The court, William J. Giovan, J., granted summary disposition for the defendants, ruling that the plaintiff had failed to state a claim upon which relief could be granted. The court also denied the plaintiff's motion to amend his complaint to add a claim of loss of society and companionship under the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.*, and a claim of common-law negligence. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 330.1946(1); MSA 14.800(946)(1) provides that a mental health practitioner whose patient communicates to the practitioner a threat of physical violence against a third person and has the apparent intent and ability to carry out that threat in the foreseeable future must, among other things, make a reasonable attempt to communicate the threat to the third person. In this case, the defendants had no duty to warn the plaintiff because the threat had not been against him.

2. The trial court did not abuse its discretion in denying the plaintiff's motion to amend his complaint. The proposed amendments would have been futile. The plaintiff does not have a right of action under the Child Protection Law, which creates a private right of action only in an identified abused child. Regarding the proposed common-law claim of negligence, an injury to a child does not give the child's parent a cognizable claim for loss of consortium or society and companionship, and the defendants did not owe the plaintiff a duty of reasonable care because there was no serious danger of violence to the plaintiff.

Affirmed.

Mental Health — Practitioners — Threats by Patients — Duty to Warn Third Parties.

Only those readily identifiable individuals against whom threats of physical violence are made in communications to mental health practitioners by mental health patients who have the apparent intent and ability to carry out the threats in the foreseeable future are protected by the statute that, among other things, requires mental health practitioners to make a reasonable attempt to communicate such threats to the threatened individuals (MCL 330.1946[1]; MSA 14.800[946][1]).

*Googasian, Hopkins, Hohauser & Forhan* (by *Craig M. Weber*), for the plaintiff.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for the defendants.

Before: Wahls, P.J., and Murphy and C. D. Corwin,* JJ.

Per Curiam. Plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendants. We affirm. In his complaint, plaintiff alleges a failure to warn in violation of § 946 of Michigan's Mental Health Code, MCL 330.1946; MSA 14.800(946).

Plaintiff argues that the trial court erred in concluding that plaintiff failed to state a cause of action. We disagree. Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). Because the trial court did not look beyond the pleadings in granting defendants' motion, we review this issue pursuant to MCR 2.116(C)(8). See *Brown v Drake-Willock Int'l, Ltd,* 209 Mich App 136, 143; 530 NW2d 510 (1995); *Shirilla v Detroit,* 208 Mich App 434, 436-437; 528 NW2d 763 (1995).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

A motion for summary disposition brought under MCR 2.116(C)(8) relies on the pleadings alone, and all well-pleaded factual allegations in a complaint are taken as true, as well as any reasonable inferences or conclusions that can be drawn from the allegations. *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). A motion for summary disposition under MCR 2.116(C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Peters, supra*, p 487. This Court reviews a grant of summary disposition de novo on appeal. *Id.*, p 486.

Plaintiff's complaint alleges that his marriage to Diane Loncar produced one child, a son born in 1984. On October 13, 1987, plaintiff and Loncar were divorced. The judgment of divorce was modified in 1991 to award physical custody of the child to plaintiff and to deny visitation rights to Loncar. Until June 1, 1991, Loncar received psychiatric treatment from defendant Brown. Plaintiff alleges that during her treatment, Loncar told defendants that she intended to kidnap her child and take him "underground."

To establish a prima facie case of negligence, the plaintiff must prove: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the defendant's breach of duty was a proximate cause of the plaintiff's damages; and (4) that the plaintiff suffered damages. *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 203; 544 NW2d 727 (1996). Duty is any obligation that the defendant has to the plaintiff to avoid negligent conduct. *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995); *Baker, supra*, p 203. In negligence actions, the exis-

tence of a duty is a question of law for the court. *Simko, supra*, p 655; *Baker, supra*, p 203.

Plaintiff's claim alleges that defendants breached their duty under MCL 330.1946; MSA 14.800(946), which provides in pertinent part:

> (1) If a patient communicates to a mental health practitioner who is treating the patient a threat of physical violence against a reasonably identifiable third person and the patient has the apparent intent and ability to carry out that threat in the foreseeable future, the mental health practitioner has a duty to take action as prescribed in subsection (2). Except as provided in this section, a mental health practitioner does not have a duty to warn a third person of a threat as described in this subsection or to protect the third person.

The question of to whom a mental health practitioner owes a duty under this statute is one of first impression.

When courts construe statutory language, their primary goal is to ascertain and give effect to legislative intent. *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996). This Court should look first to the specific statutory language to determine the intent of the Legislature. *Id.* In order to ascertain legislative intent, this Court may examine the legislative history of an act to ascertain the reason for the act and the meaning of its provisions. *In re Brzezinski*, 214 Mich App 652, 665; 542 NW2d 871 (1995). A court may consider journals chronicling legislative history. *Id.*

Enacted in 1989, the duty to warn statute was created to limit the liability of mental health practitioners. House Legislative Analysis, HB 4237, July 11, 1989. In prior years, the common-law duty to warn

had been extended in some cases to unnamed third parties and even to property. *Id.* In response to these developments, the duty to warn statute limited a mental health practitioner's duty to that as provided in the statute. MCL 330.1946(1); MSA 14.800(946)(1). Furthermore, in order for any duty to arise, a patient must communicate "a threat of physical violence against a reasonably identifiable third person." *Id.* It is apparent from the language of the statute and its legislative history that it is intended to protect only those readily identifiable individuals against whom a threat of physical violence is made. See *Marcelletti v Bathani,* 198 Mich App 655, 661; 500 NW2d 124 (1993).

In his complaint, plaintiff does not allege that Loncar communicated to defendant Brown a threat of physical violence against plaintiff. Rather, the child is the only "reasonably identifiable third person" against whom Loncar allegedly communicated any kind of threat. Taking plaintiff's well-pleaded facts to be true, we hold that defendants did not owe a duty to plaintiff under MCL 330.1946; MSA 14.800(946). In addition, plaintiff's claim is not asserted on behalf of his son, but on his own behalf. Accordingly, the trial court did not err in holding that plaintiff's complaint failed to state a cause of action. *Simko, supra,* p 655; *Peters, supra,* p 486; *Baker, supra,* p 203. Because of our disposition of this issue, we need not address plaintiff's argument that a threat to kidnap constitutes a threat of physical violence.

Plaintiff also argues that the trial court erred in denying his motion to amend his complaint. We disagree. Amendment is generally a matter of right rather than grace. *Patillo v Equitable Life Assurance Soci-*

*ety of the United States,* 199 Mich App 450, 456; 502 NW2d 696 (1992). A trial court should freely grant leave to amend if justice so requires. MCR 2.118(A)(2). Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or where amendment would be futile. *Horn v Dep't of Corrections,* 216 Mich App 58, 65; 548 NW2d 660 (1996). This Court reviews grants and denials of motions for leave to amend pleadings for an abuse of discretion. *Id.*

Here, plaintiff's proposed amendments would be futile. Plaintiff sought leave to add to his complaint a count for loss of society and companionship under the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.* However, this statute "creates a private right of action *only* in an identified abused child." *Marcelletti, supra,* p 661. Because plaintiff does not have a right of action under the Child Protection Law, the trial court did not abuse its discretion in denying his motion for leave to amend his complaint to add this count. *Horn, supra,* p 65.

Plaintiff also sought leave to add to his complaint a count under a common-law theory of negligence. An injury to a child does not give the child's parent a cognizable claim for loss of consortium or society and companionship. *Sizemore v Smock,* 430 Mich 283, 285; 422 NW2d 666 (1988).

To the extent that plaintiff's proposed complaint alleges claims for damages other than for loss of consortium or society and companionship, we note that an individual generally has no duty to protect another

who is endangered by a third person's conduct. *Marcelletti, supra,* p 664. A duty of reasonable care may arise where one stands in a special relationship with either the victim or the person causing the injury. *Id.* Michigan courts have established in this context a duty of reasonable care toward only those third parties who are "readily identifiable as foreseeably endangered." *Id.,* p 665.

Danger to a third person is foreseeable only where the psychiatrist determines, or pursuant to the standards of his profession should determine, that his patient presents a serious danger of violence to another. *Davis v Lhim,* 124 Mich App 291, 303; 335 NW2d 481 (1983), rev'd on other grounds sub nom *Canon v Thumudo,* 430 Mich 326; 422 NW2d 688 (1988). Because there was no serious danger of violence to plaintiff, any special relationship that may have existed between defendants and plaintiff's son did not extend to plaintiff. As the Court stated in *Sizemore, supra,* pp 292-293, "although it is eminently foreseeable that a negligent injury to one party will result in adverse consequences that affect others to one degree or another, the law cannot redress every injury." Accordingly, we hold that plaintiff's proposed amendment to add a count under a common-law theory of negligence was futile.[1] *Marcelletti, supra,* pp 664-665; *Davis, supra,* p 303. The trial court did not abuse its discretion in denying plaintiff's motion for leave to amend his complaint to add this count. *Horn, supra,* p 65.

Affirmed.

---

[1] We do not address in this opinion whether a claim brought against a mental health practitioner under a common-law theory of failure to warn is superseded by MCL 330.1946; MSA 14.800(946).