# STATE OF MICHIGAN

# COURT OF APPEALS

MARY ANN LAMKIN,

      Plaintiff-Appellant,

v

HAMBURG TOWNSHIP BOARD OF
TRUSTEES and HAMBURG TOWNSHIP
ZONING ADMINISTRATOR,

      Defendants-Appellees.

FOR PUBLICATION
January 19, 2017
9:05 a.m.

No. 328836
Livingston Circuit Court
LC No. 15-028656-CZ

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

GLEICHER, J.

Plaintiff Mary Ann Lamkin is a resident of Hamburg Township in Livingston County. Acting *in pro per*, she filed a complaint in the circuit court alleging that the Hamburg Township zoning administrator unlawfully failed to pursue a zoning violation action against one of her neighbors. Lamkin claims the neighbor unlawfully operates an industrial business involving sealcoating on property zoned as waterfront-residential. She seeks an order of mandamus or, alternatively, orders of superintending control or to show cause.

Six days after Lamkin filed her complaint and before it was served, the circuit court sua sponte dismissed it, invoking MCR 2.116(C)(5) ("[t]he party asserting the claim lacks the legal capacity to sue"), and MCR 2.116(I), which permits a court to render summary disposition on the pleadings. In a written opinion and order, the circuit court explained that Lamkin "lacks standing to assert the claims alleged in the Complaint" as she "failed to establish that [the neighbor's conduct] results in special damages not common to other property owners similarly situated." The court opined that "[b]ecause Plaintiff lacks standing to assert the claims in her Complaint, this Court is not required to afford Plaintiff notice or an opportunity to be heard, and summary dismissal is appropriate under MCR 2.116(I)(1) and MCR 2.116(C)(5)."

We agree that Lamkin's complaint lacks any allegations of special damages. We cannot agree that the circuit court was entitled to dismiss the complaint without affording Lamkin notice and an opportunity to be heard. Further, dismissal on the pleadings was inappropriate under MCR 2.112(A)(1)(a).

We begin with the process that Lamkin and every other litigant is due. MCR 2.116(I)(1) states:

- 1 -

If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay.

In *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009), this Court recognized that under MCR 2.116(I)(1), "the trial court has the authority to grant summary disposition sua sponte[.]" We emphasized, however, that "the trial court may not do so in contravention of a party's due process rights." *Al-Maliki*, 286 Mich App at 489.

"[T]here can be no question that, at a minimum, due process of law requires that deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard." *Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014). This basic and fundamental concept indisputably applies in the context of summary proceedings; this Court so held quite clearly in *Al-Maliki*. Sua sponte motions for summary disposition are permitted under the court rules, but no exception to basic due process requirements exists in MCR 2.116(I)(1) or elsewhere. "It is a matter of simple justice in our system for a party to be given fair notice and an opportunity to be heard before the boom is lowered." *DKT Mem Fund Ltd v Agency for Int'l Dev*, 281 US App DC 47; 887 F2d 275, 301 n 3 (1989) (GINSBURG, J., concurring in part and dissenting in part).

Federal district courts, too, may grant summary judgment sua sponte. In so doing, however, a district court must "determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried . . . ." *Schwan-Stabilo Cosmetics GmbH & Co v Pacificlink Int'l Corp*, 401 F3d 28, 33 (CA 2, 2005) (quotation marks and citation omitted). This rule comports with the United States Supreme Court's observation in *Celotex Corp v Catrett*, 477 US 317, 326; 106 S Ct 2548; 91 L Ed 2d 265 (1986), that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence*." (Emphasis added.) Here, the circuit court's failure to notify Lamkin that it was contemplating summary disposition of her claims constitutes a fatal procedural flaw necessitating reversal.[1]

The circuit court made a second error when it granted summary disposition based on Lamkin's failure to plead her standing to sue. The circuit court ruled that Lamkin did not "establish" that her neighbor's actions resulted in special damages, and therefore that Lamkin lacked standing to challenge the zoning administrator's decisions. At the pleading stage, however, Lamkin was required only to set forth "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called

---

[1] Nothing in the Michigan Court Rules requires a party to file a motion for reconsideration to preserve his or her challenge to a circuit court ruling. That Lamkin did not move for reconsideration following the dismissal of her case has no bearing whatsoever on hear ability to pursue a due process claim or on this Court's ability to decide that issue. This Court has jurisdiction of an appeal as of right filed by an aggrieved party from a final order of the circuit court. MCR 7.203(A)(1). This Court's appellate jurisdiction does not hinge on the denial of a motion for reconsideration.

upon to defend[.]" MCR 2.111(B)(1). And under MCR 2.112(A)(1)(a), Lamkin simply was not required to allege in her complaint her "capacity" to sue. This court rule recognizes that standing to sue, for example, is a fact-bound concept more amenable to proof rather than to pleading. The court rules invite the production of such proof by way of a motion for summary disposition supported with facts, followed by the requisite evidentiary response.[2]

The end result of the circuit court's race to eliminate this case is that we are left with nothing to substantively review. On remand, the circuit court must allow the parties to develop a reviewable record before reaching a judgment, summary or otherwise.

We vacate the order of summary disposition and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Peter D. O'Connell

---

[2] Even if such specificity was required under Michigan's court rules, we observe that MCR 2.118(A)(2) instructs that leave to amend "*shall* be freely given when justice so requires." (Emphasis added.) "Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Jenks v Brown*, 219 Mich App 415, 420; 557 NW2d 114 (1996). Absent any evidence of record, it is impossible to determine at this juncture whether Lamkin can establish special damages. Furthermore, Lamkin is entitled to contest the legal premises underlying the court's summary disposition order.