*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DWANITA MCDADE,

      Plaintiff-Appellant,

v

PROGRESSIVE INSURANCE COMPANY and
PROGRESSIVE DIRECT INSURANCE
COMPANY,

      Defendants,

and

PROGRESSIVE UNIVERSAL INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
July 18, 2024

No. 366578
Wayne Circuit Court
LC No. 18-004003-NF

Before: LETICA, P.J., and BOONSTRA and MARIANI, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals by right the circuit court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendant Progressive Universal Insurance Company.[1] We affirm.

---

[1] The other defendants are not involved in this appeal.

## I. BACKGROUND

The factual background was summarized by this Court in *McDade v Progressive Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued December 26, 2019 (Docket No. 345179) ("*McDade I*"), as follows:

> Plaintiff, an Illinois resident, was injured in a motor vehicle accident in Michigan. She made a claim with her Illinois auto insurer for no-fault benefits. Her insurer did not provide the benefits nor issue a denial. After several months, therefore, she sued [defendant] for no-fault benefits . . . . Her complaint alleged that she owned a vehicle insured by . . . defendant and that she was entitled to Michigan no-fault benefits pursuant to the policy. In response to these (and virtually all other) allegations in the complaint, defendant answered that it "lacks knowledge or information sufficient to form a belief as to the truth of the allegation."
>
> Along with its answer defendant served requests for admission on plaintiff seeking information regarding the extent of plaintiff's [injuries]. The request for admissions did not seek admissions regarding the policy or whether defendant is responsible to pay Michigan personal protection insurance (PIP) benefits under its policy.
>
> One month after filing its answers and affirmative defenses, defendant filed a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) asserting that it is not certified in Michigan under MCL 500.3163 and so has no duty to pay PIP benefits to plaintiff. Plaintiff argued . . . that the defense on which the motion relied, i.e., non-certification in Michigan, had been waived because it had not been set forth in defendant's answer or affirmative defenses[.] [*McDade I*, unpub op at 1-2.]

The circuit court agreed with defendant and granted the motion. *Id.* at 2. Plaintiff appealed that decision to this Court, arguing that defendant had waived its noncertification defense by failing to plead it in its affirmative defenses. *Id.*

This Court agreed and reversed the circuit court's decision because defendant had not adequately pleaded its noncertification defense. *McDade I*, unpub op at 2-3. This Court further directed that defendant, "in order to bring a motion based on this defense, . . . must seek to amend its defenses and, if granted leave to do so, [must] bring a motion under MCR 2.116(C)(10) since a dismissal based on this defense requires that the court determine whether there is a factual question." *Id.* at 3.

Instead of moving to amend its affirmative defenses on remand, defendant instead filed an application for leave to appeal with the Michigan Supreme Court, which was eventually denied in May 2020. *McDade v Progressive Ins Co*, 505 Mich 1085; 943 NW2d 137 (2020). Thereafter, no action occurred in the case for nearly two years until the circuit court sua sponte ordered the parties to appear at a hearing in March 2022.

Before the hearing, defendant moved for leave to amend its affirmative defenses. The circuit court granted defendant's motion, finding that neither party was at fault for the delay and that plaintiff had failed to establish prejudice. Defendant then filed its amended affirmative defenses, specifically pleading that plaintiff was not eligible for PIP benefits under its policy because defendant had not filed a certification required by MCL 500.3113 and MCL 500.3163.

Plaintiff filed an interlocutory application from the circuit court's order granting defendant's motion to amend its affirmative defenses in this Court, which was denied. *McDade v Progressive Ins Co*, unpublished order of the Court of Appeals, entered November 10, 2022 (Docket No. 361814). Plaintiff appealed to our Supreme Court, which also denied interlocutory review. *McDade v Progressive Ins Co*, 511 Mich 872; 984 NW2d 201 (2023).

Defendant then moved for summary disposition under MCR 2.116(C)(10) based on its noncertification defense. The circuit court granted defendant's motion.

## II. STANDARD OF REVIEW

We review de novo a circuit court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Mr Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 601-602; 997 NW2d 755 (2022) (quotation marks and citation omitted).

On appeal, however, plaintiff challenges the circuit court's decision granting defendant leave to amend its affirmative defenses. "This Court reviews grants and denials of motions for leave to amend pleadings for an abuse of discretion." *Jenks v Brown*, 219 Mich App 415, 420; 557 NW2d 114 (1996). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law." *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 372-373; 976 NW2d 109 (2021).

## III. ANALYSIS

Plaintiff asserts that the circuit court abused its discretion by granting defendant leave to amend its affirmative defenses nearly four years after defendant first learned of its failure to properly plead its noncertification defense. According to plaintiff, this delay caused her to suffer prejudice. We disagree.

Leave to amend "shall be freely given when justice so requires." MCR 2.118(A)(2). Generally, amendment is a matter of right. *VHS of Mich, Inc*, 337 Mich App at 373. "Indeed, MCR 2.118(C)(1) provides that amendments to conform to the evidence 'may be made on motion of a party at any time, even after judgment,' and MCR 2.111(F)(3) confirms that '[a]ffirmative defenses must be stated in a party's responsive pleading, either as originally filed or *as amended* in accordance with MCR 2.118.' " *VHS of Mich, Inc*, 337 Mich App at 374.

Ordinarily, then, a motion to amend should be granted, "and should be denied only for the following particularized reasons[.]" *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). These particularized reasons include "[1] undue delay, [2] bad faith or dilatory motive on the part

of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and 5] futility . . . ." *Id*. (quotation marks and citation omitted). "[D]elay alone is not a sufficient basis for refusing an amendment." *Id*. at 661. Instead, a circuit court "must also find that the delay was the result of bad faith, or the opposing party suffered prejudice." *VHS of Mich, Inc*, 337 Mich App at 374. Further, within the meaning of MCR 2.118(C)(2), prejudice "does not mean the opposing party might lose on the merits or might incur some additional costs; rather, it means the opposing party would suffer an inability to respond that the party would not otherwise have suffered if the affirmative defense had been validly raised earlier." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 231; 964 NW2d 809 (2020).

Defendant's nearly four-year delay in moving to amend an affirmative defense—the time between defendant learning it had failed to properly plead its defense at the initial summary disposition stage in July 2018 and moving to amend in March 2022—is a long delay. Plaintiff on appeal argues that this delay is "astonishing" and suggests that defendant willfully disregarded the court rules and hid its defense. Yet, absent from the record are any facts tending to show that defendant acted with any type of dilatory motive or bad faith. Indeed, plaintiff conveniently omits the procedural facts that at least half this time was devoted to appellate litigation on the issue of whether the noncertification defense was an affirmative defense subject to MCR 2.111(F)(2). While this Court in *McDade I* directed defendant to amend its affirmative defenses on remand, defendant opted to appeal *McDade I* to the Supreme Court instead. This litigation strategy was within its rights.

After the appellate litigation had concluded, the register of actions reflects that during the remaining time (approximately two years), neither party took any action on the case beyond defense counsel entering appearances. In fact, the circuit court ascribed the lack of activity on the case to *itself*. The court explained that it had not received notice of the Supreme Court's denial of defendant's interlocutory application for leave to appeal for unknown reasons, opining that may have been due to the COVID-19 pandemic. Regardless, the court observed that the onus was on it to revive the case after leave was denied. And, although either party could have acted to move the case forward, an undue motive could not be imputed to defendant on the basis of the lack of activity alone. Under these circumstances, there is no indication that defendant's delay in amending its affirmative defenses was somehow undue or nefarious and such delay, alone, was not sufficient to deny its motion for leave to amend.[2] See *Weymers*, 454 Mich at 661.

Notwithstanding the lack of any undue delay, plaintiff argues that the four-year delay caused her to suffer prejudice. According to plaintiff, had defendant promptly asserted its noncertification defense, plaintiff would have timely made claims for other coverage either through the Michigan Assigned Claims Plan or her own health insurance carrier. Because

---

[2] The parties dispute to whom the delay should be attributed. Defendant points out that plaintiff failed to "prosecut[e]" her case and that it could have reasonably assumed plaintiff had abandoned the matter. In our view, blame is immaterial because no bad motive can be inferred from either party's conduct.

defendant filed its affirmative defense more than four years after the accident, by plaintiff's logic, she lost the ability to recover for injuries from these other avenues. Plaintiff, however, misses that she could have timely filed these claims regardless of whether and when defendant raised its defense of nonliability for PIP benefits because of lack of certification. In other words, plaintiff did not suffer the loss of these claims that she would have otherwise had if defendant filed the affirmative defense earlier. See *Glasker-Davis*, 333 Mich App at 231. Rather, plaintiff could have pursued these sources of coverage and she simply did not.[3]

In sum, we conclude that the circuit court did not abuse its discretion when it granted defendant's motion for leave to amend its affirmative defenses. And, because no genuine issue of material fact exists that defendant is not certified in Michigan, defendant is not liable to provide plaintiff with PIP benefits. Accordingly, the circuit court did not err by granting summary disposition in defendant's favor under MCR 2.116(C)(10).

Affirmed.

/s/ Anica Letica
/s/ Mark T. Boonstra
/s/ Philip P. Mariani

---

[3] Plaintiff relies on *Baker v Marshall*, 323 Mich App 590; 919 NW2d 407 (2018), in which this Court reversed a circuit court's grant of summary disposition because the lower court granted judgment premised on the failure to plead an affirmative defense. On appeal, this Court determined that because the defense was never pleaded, the defendant had waived it and summary disposition was improper. *Id*. *Baker* is not helpful to plaintiff because its procedural posture is distinguishable. This matter, unlike *Baker*, involves the question whether the circuit court abused its discretion by granting a motion for leave to amend.