# Syllabus

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kimberly K. Muschong

ZEZULA v BROWN

Docket No. 168483. Argued March 12, 2026 (Calendar No. 4). Decided June 16, 2026.

Plaintiff, Brian Zezula, filed a negligence action in the Oakland Circuit Court against defendants, Nina Brown, DTE Energy Company, Kaltz Excavating Co., and Independence Township, seeking to recover for property damage that occurred when a damaged sewer line caused sewage to back up into his house. After Brown complained to DTE about faulty electrical service to her neighboring home, DTE hired Kaltz to bore a new underground electrical connection. Kaltz notified MISS DIG Systems about the intended excavation, which in turn notified Independence Township and other underground facility owners of the construction. Independence Township responded, "NO CONFLICT," indicating that it did not own any facilities in the excavation area and therefore did not mark any sewer lines. In December 2020, Kaltz bored the new electrical service, resulting in the asserted damage to Zezula's home. Relevant to this appeal, Zezula sought to hold Independence Township liable for allegedly not marking township-owned sewer lines as required by the MISS DIG Underground Facility Damage Prevention and Safety Act (the MISS DIG Act), MCL 460.721 *et seq*.

Independence Township moved for summary disposition, asserting that it was entitled to governmental immunity under MCL 691.1407(7) of the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Independence Township further argued that the events at issue did not meet the GTLA's sewage disposal system event (SDSE) exception to immunity, MCL 691.1416 through MCL 691.1419, and that Zezula had failed to provide notice of an SDSE event as required by MCL 691.1419. Zezula opposed the motion but did not address Independence Township's notice argument. At oral argument on the motion, Zezula asked the trial court to allow him to amend his complaint if the court determined that additional pleading was necessary to avoid governmental immunity. The court, Cheryl A. Matthews, J., denied Independence Township's motion, reasoning that the GTLA created a broad exception to governmental immunity for violations of the MISS DIG Act. It also granted Zezula leave to amend to allege a claim under the SDSE exception and held in abeyance the question of whether Zezula had given proper notice. Independence Township appealed. In a published decision, the Court of Appeals, K. F. KELLY and YOUNG, JJ. (BOONSTRA, P.J., dissenting), affirmed the trial court's order. ___ Mich App ___ (March 11, 2025) (Docket No. 368261). Independence Township sought leave to appeal, and the Supreme Court granted the application. ___ Mich ___; 25 NW3d 333 (2025).

In a unanimous opinion by Justice THOMAS, the Supreme Court *held*:

A governmental agency may not be held civilly liable for monetary damages for a violation of the MISS DIG Act under MCL 691.1407(7). Instead, MCL 460.732 of the Act provides the sole avenue for relief that avoids governmental immunity: a complaint filed with the Public Service Commission. Accordingly, the trial court erred by denying Independence Township's motion for summary disposition as to Zezula's claim under the MISS DIG Act. The trial court additionally erred by prematurely granting Zezula leave to amend his complaint to allege avoidance of governmental immunity under the SDSE exception before Zezula alleged compliance with the exception's notice requirement.

1. MCL 691.1407(7) does not authorize a claim in circuit court for monetary damages against a governmental agency. MCL 691.1407(7) states that the immunity provided by the GTLA does not apply to liability of a governmental agency under the MISS DIG Act. The scope of this limited exception to governmental immunity is defined by the MISS DIG Act. Relevant here, MCL 460.732(1) of the MISS DIG Act states that, except as provided in MCL 460.732, the Act does not affect the liability of a governmental agency for damages for tort or the application of the GTLA. MCL 460.732(2) states that a facility owner or a facility operator may file a complaint with the Public Service Commission seeking a civil fine and, if applicable, damages from a governmental agency for any violation of the MISS DIG Act. Under MCL 460.732(3), if such a complaint is filed and a hearing is held, the Public Service Commission may impose escalating penalties against a governmental agency that violates the MISS DIG Act. Accordingly, a Public Service Commission complaint process is the sole avenue for relief that avoids governmental immunity. MCL 460.728, which generally provides that the MISS DIG Act does not limit the recovery of damages or equitable relief in civil actions, does not address civil actions against governmental agencies, and reading it to apply to governmental agencies would render MCL 460.732(1) superfluous. The trial court therefore erred by denying Independence Township's motion for summary disposition as to Zezula's claim under the MISS DIG Act.

2. The trial court erred by prematurely granting Zezula's oral request to amend his complaint to plead under the SDSE exception. MCL 691.1419(1) prohibits a plaintiff from recovering compensation under that exception unless the plaintiff notifies the governmental agency of a claim of damage, in writing, within 45 days after the date the damage was discovered. MCL 691.1419(2) provides that if a plaintiff notifies a governmental agency's contacting agency of an event before providing notice of a claim that complies with MCL 691.1419(1), the contacting agency must provide the plaintiff with information on how to satisfy the notice requirement. If the agency fails to provide the required information after being notified of the event under MCL 691.1419(2), the plaintiff might not be barred from bringing a civil action against the governmental agency; however, the plaintiff must show both that they provided notice of the event under MCL 691.1419(2) during the period for giving notice under MCL 691.1419(1) and that the failure to comply with the notice requirement of MCL 691.1419(1) resulted from the agency's failure to provide the required information. Zezula did not assert a claim under the SDSE exception or assert in the trial court that he provided the requisite SDSE exception notice or was excused from doing so. In addition, he did not respond to Independence Township's preemptive argument that he failed to provide notice. In light of the alleged lack of notice and Zezula's failure to respond to

Independence Township's argument, the trial court could not properly determine whether amendment to plead under the SDSE exception would be futile without addressing notice.

Court of Appeals' opinion and trial court's order reversed in part and vacated in part; case remanded to the trial court for further proceedings.

# OPINION

Chief Justice:
  Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED June 16, 2026

STATE OF MICHIGAN

SUPREME COURT

BRIAN ZEZULA,

    Plaintiff-Appellee,

v                                No. 168483

NINA BROWN and DTE ENERGY
COMPANY,

    Defendants,

and

KALTZ EXCAVATING CO.,

    Defendant-Appellee,

and

INDEPENDENCE TOWNSHIP,

    Defendant-Appellant.

BEFORE THE ENTIRE BENCH

THOMAS, J.

Governmental agencies are generally statutorily immune from tort liability subject to a few narrowly construed exceptions. This case concerns two exceptions to governmental immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*: the MISS DIG Underground Facility Damage Prevention and Safety Act (the MISS DIG Act), MCL 460.721 *et seq.*, under MCL 691.1407(7), and the sewage disposal system event (SDSE) exception, see MCL 691.1416 through MCL 691.1419. Specifically, we examine whether a government agency may be held civilly liable for violations of the MISS DIG Act. We also address whether plaintiff, Brian Zezula, may at this time amend his complaint to assert the SDSE exception.

Zezula suffered property damage when a damaged sewer line caused sewage to back up into his house. He brought this negligence action seeking to hold defendant Independence Township liable for allegedly not marking township-owned sewer lines as required by the MISS DIG Act. The trial court denied Independence Township's motion for summary disposition, holding that MCL 691.1407(7) provided the necessary exception to governmental immunity. It also granted Zezula leave to amend his complaint to properly assert the SDSE exception to governmental immunity. In a split published decision, the Court of Appeals affirmed the trial court's order.

The trial court and the Court of Appeals erred. First, the GTLA exception in MCL 691.1407(7), which explicitly refers to the MISS DIG Act, provides the ability to file a complaint with the Public Service Commission as a means to avoid governmental immunity. See MCL 460.732. MCL 691.1407(7) does not authorize a claim in circuit

2

court for monetary damages against a governmental agency. Independence Township is, therefore, entitled to summary disposition on this ground. Second, the trial court prematurely granted Zezula's motion to amend his complaint before Zezula alleged compliance with the applicable notice requirement. See MCL 691.1419. Accordingly, we reverse the decisions of both courts with respect to the summary disposition issue, vacate both the decision of the Court of Appeals and the trial court order with respect to the motion to amend, and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL POSTURE

This case arises out of damage done in December 2020 to the sewer lead connecting Zezula's home to the public sewer system, causing sewage to overflow into Zezula's home. Defendant Nina Brown, who owns another home in Zezula's cul-de-sac, complained of faulty electrical service to defendant DTE Energy Company. DTE determined that it was necessary to install a new underground electrical connection to replace the existing electrical connection. DTE hired defendant Kaltz Excavating Company to bore the new underground service.

Kaltz submitted a notification to MISS DIG Systems[1] that it intended to excavate in the area between the homes of Brown and Zezula. MISS DIG Systems, in turn, provided notice to Independence Township and other underground facility[2] owners of the

---

[1] MISS DIG Systems, Inc., administers the excavation notification system used by excavators and facility owners and facility operators pursuant to the MISS DIG Act. MCL 460.724(1).

[2] A "facility" or "underground facility" is "an underground or submerged conductor, pipe, or structure, including, but not limited to, a conduit, duct, line, pipe, wire, or other device and its appurtenances used to produce, store, transmit, or distribute a utility service,

3

construction. Under the MISS DIG Act, a facility owner is required to mark any underground facilities it owns in the excavation area. MCL 460.727(1). Independence Township responded, "NO CONFLICT," indicating that it does not own any facilities in the excavation area and therefore did not mark any sewer lines. The parties dispute whether and to what extent the sewer main, which is owned by Independence Township, was in the excavation area.

On December 2, 2020, Kaltz employees went to Brown's home and bored the new electrical service. This construction damaged Zezula's sewer lead, allegedly causing a sewage backup into his home. Zezula subsequently filed suit against Brown, DTE, and Kaltz. In response, Kaltz filed a Notice of Non-Party at Fault, alleging that Independence Township caused the damage by failing to mark a township-owned sewer main in the excavation area. Then, Zezula filed a Second Amended Complaint, adding Independence Township as a defendant and including a claim of negligence against Independence Township for violations of the MISS DIG Act.

Independence Township moved for summary disposition, asserting that it is entitled to governmental immunity. Independence Township argued that the events at issue did not meet the SDSE exception to governmental immunity and that Zezula failed to provide notice of the event as required by MCL 691.1419. In response, Kaltz contested Independence Township's claim that the SDSE exception is inapplicable; it also alleged

including communications, data, cable television, electricity, heat, natural or manufactured gas, oil, petroleum products, steam, sewage, video, water, and other similar substances, including environmental contaminates or hazardous waste." MCL 460.723(o).

4

that violations of the MISS DIG Act are excepted from governmental immunity through MCL 691.1407(7). At oral argument on the motion, Zezula asked the trial court to allow him to amend his complaint if the court determined that additional pleading was necessary to avoid governmental immunity. The trial court denied Independence Township's motion, reasoning that the GTLA creates a broad exception to governmental immunity for violations of the MISS DIG Act. It also granted Zezula leave to amend to allege a claim under the SDSE exception and held in abeyance the question of whether Zezula had given proper notice pending supplemental briefing.

Independence Township appealed the trial court's order to our Court of Appeals. The Court of Appeals majority affirmed the trial court's order in an opinion authored by Judge YOUNG. *Zezula v Brown*, ___ Mich App ___; ___ NW3d ___ (March 11, 2025) (Docket No. 368261). Judge BOONSTRA dissented. *Id*. at ___ (BOONSTRA, P.J., dissenting).

Independence Township then sought leave to appeal in this Court. We granted Independence Township's application, limiting the briefing and argument to two issues:

> whether . . . (1) MCL 691.1407(7) of the [GTLA] creates a broad exception to governmental immunity when a governmental agency allegedly violates the [MISS DIG Act]; and (2) the Oakland Circuit Court erred in permitting plaintiff-appellee Brian Zezula to amend his complaint on the basis that defendant-appellant Independence Township's alleged failure to mark facilities constitutes a "defect" as that term is defined in MCL 691.1416(e) and a compensable "sewer disposal system event" under MCL 691.1417 for purposes of the [SDSE] exception to governmental immunity under the GTLA. [*Zezula v Brown*, ___ Mich ___; 25 NW3d 333 (2025).]

5

## II. STANDARD OF REVIEW

The challenge to Zezula's MISS DIG Act claim was considered under MCR 2.116(C)(7), which allows the trial court to grant summary disposition where "dismissal of the action . . . is appropriate because of . . . immunity granted by law[.]" "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). And " '[t]he contents of the complaint are accepted as true unless contradicted by the documentation submitted by the movant.' " *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 333; 999 NW2d 423 (2023) (alteration in *Sunrise Resort Ass'n*), quoting *Maiden*, 461 Mich at 119. We review de novo a decision granting or denying summary disposition under MCR 2.116(C)(7). *Sunrise Resort Ass'n*, 511 Mich at 333.

We consider the SDSE claim in the context of whether the trial court properly granted Zezula's motion to amend his complaint. Under MCR 2.118(A)(2), "a party may amend a pleading only by leave of the court or by written consent of the adverse party." However, "[l]eave shall be freely given when justice so requires." *Id*. Leave to amend may only " 'be denied for particularized reasons, such as . . . where amendment would be futile.' " *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007) (ellipsis in *Miller*), quoting *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998). A trial court's decision concerning a motion to amend will not be disturbed "unless it constituted an abuse of discretion." *Ormsby v Capital Welding, Inc*, 471 Mich 45, 53; 684 NW2d 320 (2004). A court "abuses its discretion when its decision falls outside [the] range of principled outcomes." *Pontiac Fire Fighters Union Local 376 v Pontiac*, 482 Mich 1, 8; 753 NW2d 595 (2008).

6

The issues of statutory interpretation are questions of law that we also review de novo. *Sunrise Resort Ass'n*, 511 Mich at 333.

### III. ANALYSIS

Both issues here arise out of Independence Township's assertion of governmental immunity. Under the GTLA, "[e]xcept as otherwise provided in [the GTLA], a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). " '[T]he immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed.' " *Sunrise Resort Ass'n*, 511 Mich at 334, quoting *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000). A plaintiff is required to "allege facts justifying the application of an exception to governmental immunity." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001).

### A. ZEZULA'S MISS DIG ACT CLAIM

First, Kaltz and Zezula claim that violations of the MISS DIG Act fall under an exception to governmental immunity, which allows Zezula to bring a tort claim against Independence Township. They rely principally on MCL 691.1407(7), which provides:

> The immunity provided by [the GTLA] does not apply to liability of a governmental agency under the MISS DIG [Act].

Independence Township counters that the text of the MISS DIG Act belies the existence of any cause of action against municipalities for violations of that act. It argues that this language instead creates only a narrow exception to governmental immunity for matters filed under the Act's administrative remedy. See MCL 460.732.

7

This presents an issue of statutory interpretation. "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language." *Janetsky v Saginaw Co*, ___ Mich ___, ___; ___ NW3d ___ (July 25, 2025) (Docket Nos. 166477 and 166478); slip op at 8-9 (quotation marks and citations omitted). "We interpret the words in the statute in light of their ordinary meaning and their context within the statute and read them harmoniously to give effect to the statute as a whole." *Id*. at ___; slip op at 8 (quotation marks and citations omitted). We also interpret statutory "words and phrases in the context of the entire legislative scheme." *Sunrise Resort Ass'n*, 511 Mich at 334 (quotation marks and citation omitted). Similarly, we read "two statutes [that] 'relate to the same subject' or 'share a common purpose' . . . together *in pari materia*[.]" *Milne v Robinson*, 513 Mich 1, 14; 6 NW3d 40 (2024), quoting *People v Mazur*, 497 Mich 302, 313; 872 NW2d 201 (2015). This means that the two statutes are "read together to create a harmonious body of law." *Mazur*, 497 Mich at 313.

The GTLA provides an exception to governmental immunity for "liability of a governmental agency under the [MISS DIG Act]." MCL 691.1407(7). To understand the scope of this exception, we must therefore look to the MISS DIG Act. The Legislature's reference to the MISS DIG Act in this manner incorporates its provisions into the scope of the liability at issue. See *Alan v Wayne Co*, 388 Mich 210, 274; 200 NW2d 628 (1972).[3]

---

[3] See also *People v Kern*, 288 Mich App 513, 519-520; 794 NW2d 362 (2010) ("When one statute explicitly refers to provisions of another statute, those provisions are applicable and binding as though they had been incorporated and reenacted in the statute under consideration. The referenced provisions must be treated as though they are part of the statute at issue.") (citation omitted).

It is also relevant that this exception was added to the GTLA by the Legislature in Public Act 173 of 2013, which was tie-barred to the enactment of the MISS DIG Act itself. 2013 PA 173, enacting § 2.

The MISS DIG Act, 2013 PA 174, repealed the prior protection of underground facilities act, MCL 460.701 *et seq*., 1974 PA 53. 2013 PA 174, enacting § 1. The current Act requires a facility owner or operator, including a government entity,[4] to "mark[] its facilities in the area of the proposed excavation or blasting," MCL 460.727(1), "mark the location of each facility with paint, stakes, [or] flags," MCL 460.727(2), and provide notification of underground facilities upon request, see MCL 460.727(3) and (4).

Relevant here, MCL 460.732 of the MISS DIG Act addresses governmental liability. This section of the Act begins with the following: "Except as provided in this section, this act does not affect the liability of a governmental agency for damages for tort or the application of [the GTLA]." MCL 460.732(1). It then provides the ability to seek recourse for violations of the Act by a governmental agency through filing a complaint with the Public Service Commission. It states, "A facility owner or a facility operator may file a complaint with the commission seeking a civil fine and, if applicable, damages from a governmental agency under this section for any violation of this act." MCL 460.732(2).[5] Finally, the statute provides that if such a complaint is filed and a hearing is held, the Public

---

[4] See MCL 460.723(p); MCL 460.723(q); MCL 460.723(w).

[5] The MISS DIG Act provides for a similar complaint process before the Public Service Commission applicable where "a person, other than a governmental agency, . . . violates" the Act. See MCL 460.731(2).

9

Service Commission may impose escalating penalties against governmental agencies that violate the MISS DIG Act. MCL 460.732(3). These penalties range from civil fines, see, e.g., MCL 460.732(3)(a), to payment of the cost of repairs after a municipality's third violation, MCL 460.732(3)(c)(*ii*). This is the only provision of the MISS DIG Act that addresses governmental-agency liability for violation of the Act.

This section evidences that a Public Service Commission complaint process is the sole avenue for relief that avoids governmental immunity. Zezula and Kaltz assert the contrary. They observe that the MISS DIG Act also broadly disclaims any limitation on seeking damages or equitable relief for violations of the Act through civil actions:

> This act does not limit the right of an excavator, facility owner, or facility operator to seek legal relief and recovery of actual damages incurred and equitable relief in a civil action arising out of a violation of the requirements of this act, or to enforce the provisions of this act, nor shall this act determine the level of damages or injunctive relief in any such civil action. This section does not affect or limit the availability of any contractual or legal remedy that may be available to an excavator, facility owner, or facility operator arising under any contract to which they may be a party. [MCL 460.728.]

In accord with this section, Zezula and Kaltz argue that MCL 460.732 is *not* the sole avenue for relief when a MISS DIG Act violation is alleged. In addition, they argue that the section addressing governmental liability through a Public Service Commission complaint process does not use the word "exclusive" or indicate that a person "shall" seek relief via a complaint filed with the Public Service Commission. See MCL 460.732(2) ("A facility owner or a facility operator *may* file a complaint with the commission . . . .") (emphasis added). We address each argument in turn.

First, we note that the section on damages and equitable relief cited by Zezula and Kaltz, MCL 460.728, is a version of a similar provision carried over from the former protection of underground facilities act. See MCL 460.713, as amended by 1989 PA 248.[6] This is relevant because the former act exempted governmental agencies from liability, unlike the present-day MISS DIG Act. See *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 486-488; 722 NW2d 906 (2006). This suggests that the cited relief provision, MCL 460.728, was not necessarily meant to override governmental immunity.

Even absent that context, reading MCL 460.728 to address civil actions against governmental agencies would render a portion of the statute superfluous and risks a conflict with the provision of the MISS DIG Act addressing governmental immunity. As noted above, that provision, MCL 460.732(1), states that "[e]*xcept as provided in this section*, this act does not affect the liability of a governmental agency for damages for tort or the application of [the GTLA]." (Emphasis added.) Zezula and Kaltz's proposed reading would run contrary to our doctrine disfavoring interpretations " 'that would render any part of [a] statute surplusage or nugatory.' " *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012), quoting *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).[7]

---

[6] "This act does not affect any civil remedies for damage to public utility facilities and does not affect any civil remedies a person may have for actual damage to the person's property caused by a public utility's negligence in staking its facilities, except as otherwise specifically provided for in this act." MCL 460.713, as amended by 1989 PA 248.

[7] To be sure, the MISS DIG Act "does not limit the right . . . to seek legal relief and recovery of actual damages . . . in a civil action . . . ." MCL 460.728. However, as we

Additionally, if there is a conflict between these provisions, we apply the rule that "when two statutes conflict, . . . the more specific provision prevails over the more general one." *Miller v Dep't of Corrections*, 513 Mich 125, 142; 15 NW3d 129 (2024). Under this rule, MCL 460.728 is the general provision, applicable to all suits related to claims brought under the MISS DIG Act. The more specific provision is MCL 460.732, applicable only to liability for violations by governmental agencies, which are customarily immune. To read the provisions otherwise would negate the explicit limitation in MCL 460.732(1). And it would thwart the Legislature's intent to limit recovery against governmental agencies to the Public Service Commission complaint process, which provides for cost-of-repair damages against only those governmental agencies that have had three orders issued against them for violations of the MISS DIG Act. See MCL 460.732(3).

Second, we are not persuaded by Kaltz and Zezula's arguments that the Legislature's use of the word "may" and its omission of the words "exclusive" or "shall" in MCL 460.732 mean that the statute is not an exclusive remedy for governmental violations of the MISS DIG Act. To be sure, use of the word "may" can indicate a nonexclusive remedy in certain contexts. See, e.g., *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, 347 Mich App 168, 180-187; 14 NW3d 456 (2023). The word

---

have explained, MCL 460.732 provides only a right to an administrative complaint process, not a civil action. Consequently, the MISS DIG Act provides no "express statutory enactment" creating a civil cause of action and, for that reason, there is no exception to the general rule that the government is entitled to immunity. See *State Farm*, 271 Mich App at 485. In other words, without a right to civilly sue a governmental entity for violations of the MISS DIG Act, MCL 460.728's restriction on limiting a nonexistent right is unavailing.

12

"may" in a statute "is ordinarily considered to be permissive," *James Twp v Rice*, 509 Mich 363, 372; 984 NW2d 71 (2022), but that does not answer the question of "*what action* the statute makes discretionary," *In re Malloy Guardianship*, 513 Mich 148, 166 n 15; 15 NW3d 142 (2024). "[A] court should look to the intent of the Legislature and not just do a word search." *Northville Charter Twp v Northville Pub Sch*, 469 Mich 285, 291; 666 NW2d 213 (2003) (opinion by TAYLOR, J.). Here, in the context of this legislative scheme, the word "may" indicates that facility owners or facility operators have the ability to file a complaint with the Public Service Commission but are not required to do so. It does not indicate the availability of other remedies.

To hold that use of the word "may" and the omission of the words "exclusive" or "shall" in MCL 460.732(2) renders its remedy before the Public Service Commission nonexclusive would render MCL 460.732(1) nugatory. It also contravenes the general rule that exceptions to governmental immunity are to be construed narrowly. *Sunrise Resort Ass'n*, 511 Mich at 334. And again, it would thwart the Legislature's structuring of remedies in MCL 460.732(3). This we cannot do. Thus, we do not conclude that use of permissive language in MCL 460.732(2) indicates that the remedy is nonexclusive. Rather, it signifies only that there is discretion to file—or not file—a complaint with the Public Service Commission.

In sum, MCL 691.1407(7) provides a limited exception to governmental immunity. The scope of this immunity is defined by the MISS DIG Act. The Act provides one remedy that avoids governmental immunity: a complaint filed with the Public Service Commission. MCL 460.732. Zezula did not file a complaint against Independence Township with the Public Service Commission but, instead, chose to initiate civil litigation against it.

13

Accordingly, the trial court erred by denying Independence Township's motion for summary disposition as to Zezula's claim under the MISS DIG Act.

## B. ZEZULA'S SEWER DISPOSAL SYSTEM EVENT CLAIM

The remaining issue is whether the trial court erred in granting Zezula's oral motion for leave to amend his complaint to plead the SDSE exception to governmental immunity. We conclude that it did because Zezula had not yet alleged that he had complied with the notice requirements that apply to that exception under MCL 691.1419. Though leave to amend is freely granted as a general rule, leave may be denied for certain " 'particularized reasons.' " *Miller*, 477 Mich at 106, quoting *Hakari*, 230 Mich App at 355.[8] One of these valid reasons is that the proposed " 'amendment would be futile.' " *Miller*, 477 Mich at 106, quoting *Hakari*, 230 Mich App at 355. Our Court of Appeals has said that " '[t]he amendment of a pleading is properly deemed futile when, regardless of the substantive merits of the proposed amended pleading, the amendment is legally insufficient on its face.' " *Hope Network Rehab Servs v Mich Catastrophic Claims Ass'n*, 342 Mich App 236, 250; 994 NW2d 873 (2022), quoting *Kostadinovski v Harrington*, 321 Mich App 736, 743-744; 909 NW2d 907 (2017).

To maintain a claim under the SDSE exception, a plaintiff must show that certain conditions existed at the time of the event. See *Sunrise Resort Ass'n*, 511 Mich at 335; *Linton v Arenac Co Rd Comm*, 273 Mich App 107, 113-114; 729 NW2d 883 (2006).

---

[8] See also *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997), quoting MCR 2.118(A)(2) ("[L]eave to amend a pleading 'shall be freely given when justice so requires.' ").

14

Additionally, the plaintiff "must show" that they have provided notice as set forth in MCL 691.1419. *Linton*, 273 Mich App at 113-114. Specifically, the SDSE exception's notice requirement prohibits a plaintiff from recovering compensation under that exception "unless the [plaintiff] notifies the governmental agency of a claim of damage . . . , in writing, within 45 days after the date the damage . . . was discovered[.]" MCL 691.1419(1); see also MCL 691.1417(4)(b) ("In addition to the requirements of subsection (3), to obtain compensation for property damage or physical injury from a governmental agency, a claimant must show . . . [that they] complied with [MCL 691.1419].").

If a plaintiff notifies a contacting agency[9] "of an event before providing a notice of a claim that complies with [MCL 691.1419(1)], the contacting agency" must provide the plaintiff with information on how to satisfy the notice requirement. MCL 691.1419(2). If an agency fails to provide the required information after being notified of the event under MCL 691.1419(2), the plaintiff might not be barred from bringing a civil action against the governmental agency. See MCL 691.1419(3). However, the plaintiff must show both that they provided the contacting agency notice of the event under MCL 691.1419(2) "during the period for giving notice under" MCL 691.1419(1) and that the plaintiff's failure to

---

[9] " 'Contacting agency' means any of the following within a governmental agency: (*i*) [t]he clerk of the governmental agency[;] (*ii*) [i]f the governmental agency has no clerk, an individual who may lawfully be served with civil process directed against the governmental agency[; or] (*iii*) [a]ny other individual, agency, authority, department, district, or office authorized by the governmental agency to receive notice under [MCL 691.1419], including, but not limited to, an agency, authority, department, district, or office responsible for the operation of the sewage disposal system, such as a sewer department, water department, or department of public works." MCL 691.1416(d).

comply with the notice requirement of MCL 691.1419(1) resulted from the contacting agency's failure to provide the required information. MCL 691.1419(3).

Here, Zezula neither asserted a claim under the SDSE exception nor asserted in the trial court that he provided the requisite SDSE exception notice or was excused from doing so. Instead, Independence Township first made a preemptive argument that the exception did not apply and that Zezula did not comply with the applicable notice requirement. Zezula did not respond to Independence Township's affirmative argument that he failed to provide notice. Kaltz argued that the SDSE exception applied but did not respond to Independence Township's notice argument. At the hearing on Independence Township's motion for summary disposition, Zezula asked the trial court for leave to amend his complaint to add a claim under the SDSE exception. And while the trial court acknowledged the issue, explaining that it "was insufficiently discussed during oral argument," the court ultimately granted Zezula's oral motion to amend his complaint and held the notice issue in abeyance pending additional argument.

Under these circumstances, the trial court's ruling on the amendment was premature. A motion to amend should ordinarily be granted, but the trial court can deny leave when amendment would be futile. *Hakari*, 230 Mich App at 355. Here, Independence Township continuously alleged that Zezula failed to comply with the SDSE exception's notice requirement, and yet Zezula did not respond when Independence Township pointed out that Zezula failed to meet that burden in a written motion and at a

16

hearing on that motion.[10]  In light of the alleged lack of notice and the failure to respond to Independence Township's argument that Zezula did not provide the required notice, the trial court could not properly determine whether amendment to plead under the SDSE exception would be futile without addressing notice.[11]  On this record, the trial court's decision to grant Zezula leave to amend "falls outside [the] range of principled outcomes." *Pontiac Fire Fighters Union Local 376*, 482 Mich at 8.

## IV.  CONCLUSION

For the foregoing reasons, the trial court erred in two respects.  First, the court erred by holding that a civil claim alleging violations of the MISS DIG Act constitutes an exception to governmental immunity under MCL 691.1407(7).  Second, it erred by prematurely granting Zezula leave to amend his complaint to allege the avoidance of governmental immunity under the SDSE exception before Zezula alleged compliance with the exception's notice requirement.

Accordingly, we reverse Part III of the Court of Appeals' opinion and the trial court's order to the extent it denies Independence Township's motion for summary disposition of Zezula's claim under MCL 691.1407(7), and we vacate Parts IV and V of

---

[10] The trial court did not have before it Zezula's argument—made for the first time in this Court—that he complied with the notice requirement or, alternatively, that Independence Township forfeited its ability to object for lack of notice when it failed to meet its statutory duty under MCL 691.1419(2) to provide written information to the claimant (i.e., to Zezula) explaining the notice requirements.

[11] We note that amendments should be submitted in writing, MCR 2.118(A)(4), because "[i]f a plaintiff does not present its proposed amended complaint to the court, there is no way to determine whether an amendment is justified." *Anton, Sowerby & Assoc, Inc v Mr C's Lake Orion, LLC*, 309 Mich App 535, 551; 872 NW2d 699 (2015).

the Court of Appeals' opinion and the trial's order to the extent that it grants Zezula leave to amend his complaint. We remand this case to the trial court for entry of an order granting Independence Township's motion for summary disposition as to MCL 691.1407(7), reconsideration of Zezula's motion for leave to amend, and any further proceedings consistent with this opinion. We do not retain jurisdiction.

> Kimberly A. Thomas
> Megan K. Cavanagh
> Brian K. Zahra
> Richard H. Bernstein
> Elizabeth M. Welch
> Kyra H. Bolden
> Noah P. Hood